# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAWANNA ELAINE MINTZ,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC. and<br>ROBERT BOSCH LLC,<br><br>    Defendants. | Civil Action File No.<br><br>_____ |

## PLAINTIFF'S COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Tawanna Elaine Mintz is over the age of majority and is a resident of the State of Georgia.

2. Pursuant to O.C.G.A. § 9-2-61, Plaintiff files her renewed Complaint. The original complaint was filed October 25, 2023 and was dismissed on May 8, 2024, with a clerk's entry of dismissal on May 9, 2024. This Complaint is filed within six months after the dismissal of Case No. 1:23-cv-0884-ELR, satisfying the statute of limitations.

3. Defendant Tesla, Inc. (hereinafter referred to as "Tesla") is a foreign corporation doing business in the State of Georgia. Defendant Tesla's

principal place of business is in Austin, Texas. Defendant Tesla is subject to the jurisdiction of this Court because it transacts business in this state and maintains a registered agent in Forsyth County, Georgia. Tesla may be served by service of process on its agent The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041.

4. Defendant Robert Bosch LLC (hereinafter referred to as "Bosch") is a foreign corporation doing business in the State of Georgia. Defendant Bosch's principal place of business is in Farmington Hills, Michigan. Defendant Bosch is subject to the jurisdiction of this Court because it transacts business in this state and maintains a registered agent in Gwinnett County, Georgia. Bosch may be served by service of process on its agent Corporation Service Company at 2 Sun Ct., Suite 400, Peachtree Corners, GA 30092.

## JURISDICTION

5. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

## STATEMENT OF FACTS

6. On or about November 23, 2021, Tawanna Mintz was driving a 2020 Tesla Model 3 vehicle bearing vehicle identification number

5YJ3E1EC4LF669563. Plaintiff Tawanna Mintz was operating her vehicle on Wieuca Road in Atlanta, Fulton County, Georgia when her vehicle left the roadway and impacted a utility pole.

7. At the time of the collision, the airbag failed to deploy.

8. At all relevant times, the subject vehicle was in the same or substantially similar condition that it was in at the time of purchase.

9. Post-collision, the Event Data Recorder (EDR) revealed that the Delta-V was 25 mph.

10. The front bumper brackets and rails fractured and broke, which caused the airbag sensors to fail to signal deployment of the driver's side airbag.

11. Upon impact with the utility pole, Plaintiff Tawanna Mintz's occupant protection system, including her driver's frontal airbag, failed to deploy, thus failing to prevent Plaintiff's injuries, and in fact causing, increasing, and enhancing her injuries above and beyond what she would have otherwise suffered had the airbag system deployed.

12. Defendant Tesla researched, developed, designed, manufactured, assembled, inspected, tested, marketed, distributed, sold, and placed into the

stream of commerce the subject 2020 Tesla Model 3 involved in the crash at issue.

13. Defendant Bosch researched, developed, designed, manufactured, assembled, inspected, tested, marketed, distributed, sold, and placed into the stream of commerce the driver's frontal airbag system (including the restraint control module and satellite sensors) in the subject 2020 Tesla Model 3 involved in the crash at issue.

14. As a direct and proximate result of the aforesaid wrongful, negligent, and wanton conduct of Defendants, Plaintiff suffered a permanent traumatic brain injury, leading to a plethora of excruciating and expensive surgeries, procedures, and treatments, including cervical spondylosis, right upper extremity radiculopathy; thoracic/lumbosacral spondylosis right lower extremity radiculopathy; cervical/thoracic/lumbar muscle strain; occipital neuralgia; gait abnormality; concussion; concussion syndrome; post-concussive syndrome; artery compression of the right trigeminal nerve; right suboccipital craniotomy for microvascular decompression of the trigeminal nerve (causing loss of hearing and loss of equilibrium, which directly led to demotion from vice principal to teacher); Plaintiff is engaged in speech therapy and still has problems speaking and finding words; Plaintiff continues to have headaches

behind the right eye and side of head behind and above incision. Plaintiff suffers back and hip pain in the midline low back and bilateral hips; pain radiating into the right lateral thigh and right lateral lower leg; she still has midline low back and bilateral hip pain. Cognitive dampening and slowing, which are non-specific, contribute directly to her below expectations performance on tasks of confrontation naming and semantic and phonemic fluency. She may ultimately need L5-S1 surgery in the form of a total disc arthroplasty. Plaintiff will likely be left with permanent deficits; she will likely never return to baseline; she will likely be unable to work for an extended period given the number and magnitude of injuries. Constant facial pain is much less likely to respond to microvascular decompression; this is a symptom of atypical facial pain. There has been discussion of gamma knife radiosurgery for the treatment of atypical neuropathic facial pain. Plaintiff has impairment of verbal memory, psychomotor speed, reaction time, cognitive flexibility, processing speed, executive function, simple attention and motor speed. There is evidence of severe depression, extremely severe anxiety, and severe stress. This is evidence of clinically significant sleep disturbance. Plaintiff scored low average to very low in all categories of CNS Vital Signs Report (processing speed, attention/reaction time, executive function, memory tests). Plaintiff also

has constricted functional visual fields, bilaterally, which cause difficulty with visual processing and processing information in a busy environment such as a grocery store. She has oculomotor dysfunction which can cause her to lose her place when she reads or to skip words. She has accommodative dysfunction which causes blurred vision when reading. These challenges make eye-hand coordination tasks such as writing and visual processing very difficult. Results of an auditory processing evaluation are most consistent with Auditory Associative Disorder that indicates an inability to apply rules of language to what is heard. There are secondary concerns for a decoding deficit disorder—she has difficulty listening in noise and understanding rapid speech. In addition, Plaintiff has experienced physical pain and suffering and mental anguish, as well as a disruption of her normal life and relationships.

## COUNT I

(Strict Product Liability)

15.     Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

16.     Plaintiff contends that the 2020 Tesla Model 3 and its component parts were designed, manufactured, distributed, marketed, sold, or otherwise placed into the stream of commerce by Defendant Tesla.

17. Plaintiff contends that the driver's frontal airbag system restraint control module and satellite sensors were designed, manufactured, distributed, marketed, sold, or otherwise placed into the stream of commerce by Defendant Bosch.

18. Plaintiff contends that the vehicle structure is not crashworthy, resulting in a failure of the airbag system.

19. Defendants substantially participated in the design, manufacture, testing, marketing, inspection, reporting, and distribution of the subject airbag system (including the restraint control module and airbag satellite systems) and its integration into the subject vehicle.

20. Defendants are strictly liable to Plaintiff under OCGA § 51-1-11 for the injuries suffered by the Plaintiff because the risk inherent in the design of the subject vehicle and airbag system outweighed any utility of the chosen design, rendering the component defective, unreasonably dangerous, not reasonably suited to the use for which it was intended, and was a proximate cause of the injury sustained. The defects in the subject vehicle include, but are not limited to, the following:

a. The design and manufacture of the driver's frontal airbag system is defective in that the system places the occupant at an unreasonable risk of injury;

b. The design of the vehicle is defective in that the vehicle is not reasonably crashworthy, including its driver's frontal airbag system, to protect occupants in the event of foreseeable crashes;

c. The design of the vehicle and airbag system is defective in that it was marketed as a safe passenger vehicle with a frontal impact airbag system that would provide occupants added protection in the event of foreseeable collisions;

d. The design of the driver's frontal airbag system is defective in that it fails to contain adequate and reasonable warnings and/or instructions about the inherent risk of injury in ordinary and foreseeable vehicle collisions;

e. The subject driver's frontal airbag system was not properly designed, manufactured, and implemented in that it failed to provide safe and optimum performance;

f. The subject vehicle and driver's frontal airbag system were defectively designed in that, although being used in the manner

    intended by the Defendants, said vehicle and airbag system did not perform as safely as an ordinary consumer would expect;

g. The subject vehicle and driver's frontal airbag system were not properly designed and failed to incorporate adequate safety devices so as to appropriately and safely deploy in a frontal collision;

h. The design and manufacture of the vehicle and driver's frontal airbag system are defective in that the airbag system failed to deploy in a frontal impact at or above the threshold where frontal impact airbags are needed to provide appropriate and optimum safety performance; and

i. Defendants failed to warn the consuming public of the dangers inherent in the design and construction of said vehicle, including its airbag system, and that specifically there were no warnings of the propensity and/or danger of the airbag system causing or allowing injury to occupants in foreseeable crash situations.

21. The subject airbag system failed to perform as expected by consumers or users.

22. The subject airbag system was defective and unreasonably dangerous in its design, manufacture, and warnings that accompany the vehicle.

23. The above defects existed at the time the product left the Defendants' possession.

24. As a proximate consequence of the defects in the vehicle and driver's frontal airbag system, Plaintiff suffered extremely serious and life-altering injuries.

25. Alternative designs existed which were safer, more practical, and were both economically and technologically feasible that would have prevented Plaintiff's injuries. The likelihood that the product's design would cause the injuries suffered by Plaintiff and the gravity of damage outweighed the burden on Defendants of adopting an alternative design. The conduct of the Defendants giving rise to this cause of action demonstrates a willful, reckless, and wanton disregard for life. The defects in designing, testing, manufacturing, inspecting, marketing, distributing, and selling the subject vehicle and its driver's frontal airbag system proximately caused Plaintiff to suffer permanent pain, suffering, disfigurement, scarring, loss of enjoyment of life, fright, shock, mental distress, and severe physical injury.

## COUNT II
(Failure to Warn)

26. Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

27. Defendants had a continuing duty to warn the public of dangers associated with the design and use of Defendants' vehicles and component parts, including the driver's frontal airbag system.

28. Prior to and after designing, manufacturing, importing, testing, distributing, marketing, inspecting, selling, and placing the 2020 Tesla Model 3 into the stream of commerce and at all other times pertinent herein to the present day, Defendants were aware or should have been aware of the dangerous and defective design of the subject vehicle and its driver's frontal airbag system.

29. Defendants were aware or should have been aware of the dangers associated with the subject vehicle and its driver's frontal airbag system and that the subject vehicle and airbag system were defective by design and manufacture; and that the driver's frontal airbag system could fail to perform during a foreseeable frontal collision. Defendants failed to warn their owners, users, and anticipated consumers of these defects and dangers.

30. Plaintiff had no knowledge of these defects at the time that she purchased the vehicle, or at any time prior to the subject incident.

31. Despite their knowledge, Defendants failed to warn the public and the Plaintiff of the dangers associated with the subject vehicle and driver's frontal airbag system. As a result of this omission, Plaintiff was subjected to enduring permanent pain, suffering, disfigurement, scarring, loss of enjoyment of life, fright, shock, mental distress, severe physical injury, economic loss, and loss of consortium.

## COUNT III
(Negligence, Wantonness or Willfulness)

32. Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

33. Defendants, as product designers, manufacturers, suppliers, distributors, marketers, and/or sellers, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, integrate into the vehicle and distribute a product which was free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

34. Defendants, as product designers, manufacturers, suppliers, distributors, marketers, and/or sellers, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, integrate into the vehicle and distribute a product which would not cause or allow severe injury to owners, users, and occupants in foreseeable situations.

35. Defendants breached their duty to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and integrate into the subject vehicle an airbag system free of an unreasonable risk of physical harm to prospective owners, users, and occupants, including Plaintiff.

36. Defendants further breached their duty to owners, users, and occupants, including Plaintiff, to recall and warn owners, users, and occupants of the inherent dangers of a vehicle with an airbag system unfree of risks of physical harm. Defendants breached their duty of care in a number of ways, including but not limited to the following:

    a. The driver's frontal airbag system design, manufacture, testing, marketing, and integration into the 2020 Tesla Model 3 represent an unreasonable risk of injury;

b. The airbag system does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiff in this case, of the unreasonable risk of physical harm associated with the negligent and defective design, manufacture, and integration into the vehicle of the subject airbag system occasioned by risk of injury;

c. The vehicle was not adequately tested by Defendants to determine whether prospective owners, users, and occupants would be exposed to an unreasonable risk of physical harm caused by the non-deployment of the driver's frontal airbag in a foreseeable frontal collision;

d. Defendants knew, or should have known, from information they received that the defects in the 2020 Tesla Model 3 driver's frontal airbag system would fail to prevent and in fact increase the risk of injury in foreseeable operating conditions; and

e. Defendants knew, or should have known, from information they received that the chosen design and integration of this airbag system design into the 2020 Tesla Model 3 increased the risk of injury in foreseeable operating conditions. Defendants acted with reckless

disregard for the safety and well-being of the consumer public, and acted willfully and wantonly in designing, testing, manufacturing, inspecting, marketing, and distributing the subject airbag system because they had knowledge of the risk of injury described in this Complaint when they manufactured, marketed, distributed, and sold the system.

37. Defendants' negligence in designing, manufacturing, testing, promoting, selling, and warning of the subject vehicle and driver's frontal airbag system was so egregious that it rises to the level of reckless disregard for the safety and well-being of the consuming public, and constitutes willful and wanton conduct in designing, testing, manufacturing, inspecting, marketing, and distributing the vehicle and driver's frontal airbag system because they had knowledge of the risk of injury described in this Complaint when they manufactured, marketed, distributed, and sold these products.

38. Defendants' failure to exercise reasonable care in designing, testing, manufacturing, inspecting, marketing, distributing, and selling the subject vehicle and driver's frontal airbag system proximately caused and continues to cause Plaintiff's pain, suffering, disfigurement, scarring, loss of enjoyment of life, fright, shock, mental distress, severe physical injury, and economic loss.

## DAMAGES AND PRAYER FOR RELIEF

39.     Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

40.     As a direct result of the defectively designed vehicle and driver's frontal airbag system, Defendants' wrongful conduct, negligence, wantonness, recklessness, failure to provide warnings, and all allegations described herein, Plaintiff Tawanna Mintz has and will continue to suffer the following elements of damages:

   i.     Physical pain and suffering (past, present, future);

   ii.    Mental anguish (past, present, future);

   iii.   Loss of enjoyment of life (past, present, future);

   iv.    Disfigurement and disability (past, present, future);

   v.     Medical expenses (past, present, future);

   vi.    Economic loss (past, present, future); and

   vii.   Other elements of damages proven through discovery or demonstrated with particularity at trial.

41.     Plaintiff seeks damages from Defendants in an amount to be determined by the enlightened conscience of the jury and as demonstrated by the evidence, for the past, present and future mental and physical pain and

suffering; past, present and future loss of enjoyment of life; past, present and future medical expenses; and past, present and future economic losses.

WHEREFORE, Plaintiff prays for the following relief:

1. That summons issue requiring Defendants to appear as provided by law to answer the allegations of this Complaint;

2. That Plaintiff have and recover all damages to which she is entitled to recover under Georgia law; and

3. For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 5th day of November, 2024.

                                        **CHEELEY LAW GROUP, LLC**

                                      */s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille III
Georgia Bar No. 940510
Gabrielle D. Gravel
Georgia Bar No. 449376
McKenzie Nadel
Georgia Bar No. 251909
2500 Old Milton Parkway
Suite 200
Alpharetta, GA 30009
Tel.: 770-814-7001
Fax: 678-559-0273

bob@cheeleylawgroup.com
dre@cheeleylawgroup.com
gabby@cheeleylawgroup.com
mckenzie@cheeleylawgroup.com